IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADANTE A. HARRIS,

    Plaintiff,                      No. CIV S-06-2138 JAM DAD P

    vs.

V. DUC, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On June 30, 2008, defendant Duc moved to dismiss this action, arguing that plaintiff failed to exhaust available administrative remedies prior to bringing suit. Plaintiff has filed a timely opposition to defendant's motion. Defendant has not filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendant V. Duc.[1] In his complaint, plaintiff alleges that, on our about September 15, 2004, he fell from his upper bunk,

---

[1] The court previously found that plaintiff's complaint appeared to state a cognizable claim for relief under the Eighth Amendment against defendants Duc, John Doe 1, John Doe 2, and John Doe 3. (Order filed Mar. 17, 2008.) However, plaintiff has not yet identified John Does 1-3. Accordingly, he is only proceeding against defendant Duc at this time.

1

felt a "snap" in the elbow area and immediately experienced pain. An MRI examination later revealed that plaintiff had suffered a "complete tear of the triceps tendon . . . with 4.22 cm of gap." (Compl. at 11.) Plaintiff alleges that he did not undergo reconstructive surgery on his elbow until January 5, 2006. (Id. at 18.)

Plaintiff also alleges that, on July 6, 2005, he suffered a slip and fall accident in his housing unit as a result of flooding in the area. Due to his existing triceps injury, plaintiff alleges that he was unable to break his fall, so he hit the concrete floor with the full force of his 370-pound frame. (Compl. at 12.) Spinal x-rays later revealed that plaintiff suffered a "possible acute compression fracture at L2, and degenerative disc disease at L4-5." (Id. at 13.)

Plaintiff alleges that defendant Duc examined and treated him for his triceps injury and his back injury on numerous occasions. (Compl. at 11-14 & 16-18.) However, plaintiff claims that defendant Duc failed to provide him with adequate medical care in violation of the Eighth Amendment. Specifically, plaintiff alleges that defendant Duc failed to request an MRI examination of his elbow, failed to follow a medical specialist's recommendation that he undergo immediate reconstructive surgery on his elbow, failed to follow an emergency room physician's recommendation that he undergo a next-day follow-up examination for his back injury and receive Vicodin for pain, failed to follow a CSP-Sac physician's recommendation that he undergo an MRI examination of his back, and failed to request a medical hold for post-surgical recovery after he underwent reconstructive surgery for his triceps injury. (Id. at 32-33.) Plaintiff requests declaratory relief, injunctive relief, and damages.[2] (Id. at 42-45.)

/////

/////

---

[2] On December 3, 2007, plaintiff filed a supplemental complaint, alleging that he has undergone two additional operations related to his triceps injury. Specifically, plaintiff alleges he has now undergone carpal tunnel surgery and arthroscopic surgery on his shoulder. He alleges that these subsequent operations are a result of defendant's previous failure to provide him with timely and adequate medical care. Plaintiff requests additional compensatory and punitive damages based upon these subsequent events.

## THE PARTIES' ARGUMENTS

I. <u>Defendant's Motion</u>

Counsel for defendant Duc argues that this action should be dismissed because plaintiff did not exhaust his inadequate medical care claim. Specifically, counsel argues that plaintiff filed four grievances (SAC-H-05-0138, SAC-H-05-1609, SAC-H-05-02188, and SAC-H-06-00207) regarding the claims at issue in this action but failed to pursue any of them through the director's level of review. (Def.'s Mot. to Dismiss at 3-8; DeLong Decl. & Attach. 1; Grannis Decl. & Attach. 1.) Counsel therefore concludes that the court should dismiss any claims against defendant Duc without prejudice for failure to exhaust administrative remedies.

II. <u>Plaintiff's Opposition</u>

Plaintiff has filed an opposition to defendant's motion to dismiss arguing that prison officials' responses to his appeals were invalid and that he exhausted all "available" administrative remedies. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-2.) First, plaintiff contends that prison officials' responses to his appeals are invalid because they violated numerous state regulations. For example, plaintiff argues that he received untimely responses to his appeals and that defendant Duc should not have responded to his appeals because he participated in the underlying misconduct. (<u>Id.</u> at 4-10.) Second, plaintiff argues that prison officials' responses to SAC-H-05-0138, SAC-H-05-1609, and SAC-H-06-00207 stated that he should pursue his requests and further treatment from his primary care physician at California Men's Colony, where he had been transferred. Plaintiff argues that pursuing these grievances at CSP-Sac through the director's level of review was no longer an available option to him and would have been "a futile abuse of the process." (<u>Id.</u> at 4-7 & 9-10.) Finally, plaintiff argues that the health care manager at CSP-Sac informed him that his staff misconduct complaint, SAC-H-05-02188, was "not sustained," and that health care staff would not take any further action against defendant Duc. (<u>Id.</u> at 8-9.) Plaintiff concludes that he has exhausted his administrative remedies with

/////

respect to his inadequate medical care claim and therefore the court should deny defendant's motion to dismiss.

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>Woodford v. Ngo</u>, 548 U.S. 81, 83 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. <u>See</u> Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of
/////

review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

      As noted above the PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "[I]f the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[3] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied ___ U.S. ___, 127 S. Ct. 1212 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 127 S. Ct. at 924.

II. Discussion

      In this case, the court is not persuaded by defendant's argument that plaintiff failed to exhaust his inadequate medical care claim. In Appeal 05-02188, plaintiff informed prison officials that he believed defendant Duc had provided him with inadequate medical care. Once the warden took the action he did in response to the complaint, plaintiff had pursued that appeal through the highest level of review made available to him. See Brown v. Valoff, 422 F.3d

---

[3] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on April 25, 2008. (Order filed Apr. 25, 2008 at 3-4.)

926, 935 (9th Cir. 2005) (obligation to exhaust administrative remedies persists if some remedy remains available). Plaintiff raises the same inadequate medical care claim in this action that he presented in Appeal 05-02188 and therefore satisfied the PLRA exhaustion requirement.

Specifically, in the "Describe Problem" section of Appeal 05-02188, plaintiff explained as follows. On October 3, 2004, he was getting off the top bunk bed and slipped on the stainless steel. He broke his fall with his arms and, in doing so, suffered a complete tear of his triceps tendon. Plaintiff explained that defendant Duc examined him and sent him to get x-rays of his injury. Plaintiff claimed that Manteca Hospital doctors told him that he needed surgery, but prison officials refused to provide him with timely and adequate medical care. Plaintiff claimed that the inadequate medical care he was continuing to experience constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff requested surgery and monetary damages. (DeLong Decl., Attach. 1.)

At both the informal level and first formal level of administrative review plaintiff's appeal was bypassed by prison officials. Warden Kernan eventually responded to the appeal at the second formal level of review and summarized plaintiff's complaint as follows:

> You contend on October 3, 2004, you slipped out of your bunk and broke the fall with your arms. You claim you suffered an injury to your right arm. You state Dr. V. Duc saw you on November 4, 2005, and you were taken to A Facility for x-rays. You contend on March 18, 2005, and on April 1, 2005, you were transported to Manteca Hospital for treatment. You claim you were informed you suffered from a complete tear of the triceps tendon and would need surgery. You state you have received inadequate medical care, which constitutes cruel and unusual punishment. You are requesting to have your surgery and to receive money for your damages.

Warden Kernan classified plaintiff's "appeal issue" as a "Staff Complaint" and informed him that he was referring the complaint to the Health Care Manager at CSP-Sac. The warden stated that, "[i]n the event of staff misconduct, the Warden will initiate an appropriate action. However, this would be confidential information, which would not be released to you." Warden Kernan partially granted plaintiff's appeal and told him that the Associate Warden would notify

him when the review was complete and inform him whether his complaint was "SUSTAINED" or "NOT SUSTAINED." (DeLong Decl. Attach. 1.)

Health Care Manager Karen Kelly subsequently informed plaintiff that a thorough review of his concerns expressed in Appeal 05-02188 had been concluded. Based on that review, plaintiff's allegations were "NOT SUSTAINED," meaning the investigation did not disclose sufficient evidence to clearly prove plaintiff's allegations. Health Care Manager Kelly informed plaintiff that "SAC health care staff will take no further action regarding your allegations of staff misconduct." (DeLong Decl. Attach. 1.) Understandably, plaintiff did not pursue Appeal 05-02188 any further.

Defense counsel argues that plaintiff failed to exhaust available administrative remedies because he did not pursue Appeal 05-02188 through the director's level of review. However, as established by the Ninth Circuit in Brown v. Valoff, a plaintiff's obligation to pursue administrative remedies persists only if some remedy remains available to him. See 422 F.3d at 935. In Brown, a prisoner brought a civil rights action pursuant to 42 U.S.C. § 1983, alleging that a correctional officer used tear gas and assaulted him in violation of the Eighth Amendment and the Fourteenth Amendment. Id. at 930. Brown filed a grievance regarding the incident at the first and second formal levels of review, but he did not proceed through the director's level of review. Id. at 930-31. The defendant filed a motion to dismiss, claiming that Brown had failed to exhaust his administrative remedies prior to filing suit. Id. at 931. Interpreting the Supreme Court's decision in Booth, the Ninth Circuit held that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Id. at 935.

The Ninth Circuit in Brown explained that the Department of Corrections failed to establish it had any remaining authority to act on the prisoner's complaint once it had characterized his "appeal issue" as a "Staff Complaint" and ordered an investigation into the

alleged assault. Id. at 937. The court noted that the response from the second level of review reasonably suggested to Brown that no further relief would be available to him. Id. at 937-38. In particular, the response informed Brown that a thorough investigation would ensue but that he would not be apprised of any disciplinary action taken. (Id.) The response did not indicate or counsel that any further review was available.[4] Id. at 937. The Ninth Circuit also explained that the Department of Corrections' governing directives and procedures supported its interpretation that no further relief was "available" to Brown. Id. at 938.[5]

In this case, the court finds that Warden Kernan's second level response to plaintiff's Appeal 05-02188, as well as Health Care Manager Kelly's "NOT SUSTAINED" decision, reasonably suggested to plaintiff that no further relief would be available to him. As in

---

[4] The second level response to Brown stated in full:

> A thorough investigation will be conducted into your allegations and evaluated in accordance with Departmental Policies and Institutional Procedures. The matter has been referred to the Office of Internal Affairs. You shall be notified by the Office of Internal Affairs of the disposition of your complaint upon completion of the investigation, in accordance with [California Penal Code §] 832.7 and the Department Operations Manual section 31140.4.2. It is the Administration's responsibility to determine appropriate action taken against any employee, if deemed necessary. Additionally, inmates are not apprised of any disciplinary action that may have been taken against a staff member. It is beyond the scope of the appeals process to grant you monetary compensation.

Brown, 422 F.3d at 931.

[5] For example, the Administrative Bulletin of the Department of Corrections states that a complaint, such as Brown's, alleging misconduct by a staff person shall be logged as a "Staff Complaint" and not as an appeal. With respect to complaints regarding staff misconduct which included other appeal issues (e.g., property loss), the inmate was to be notified that the other issues must be appealed separately. Brown, 422 F.3d at 938. Similarly, the Department of Corrections Operations Manual explains that the staff complaint procedure is intended to develop facts surrounding the alleged misconduct and to keep the factual findings and the relief confidential. A complainant should only be advised when appropriate action has been taken but should not be provided with specifics relating to any personnel action. Id. The court concluded that "[t]hese directives, taken together, lead us to conclude that no further relief was in fact 'available' through the appeals process. . . ." Id.

8

Brown, Warden Kernan's response characterized plaintiff's "appeal issue" as a "Staff Complaint," informed plaintiff that a thorough investigation would ensue but that he would not be apprised of any disciplinary action taken, and failed to indicate or advise that any further review was available to plaintiff.  In addition, Health Care Manager Kelly's decision unequivocally stated that the health care staff at CSP-Sac would take no further action in response to his allegations about defendant Duc's misconduct.

Defense counsel has submitted no evidence to suggest that further relief through the prison administrative grievance procedure was "available" to plaintiff.  As in Brown, defense counsel here has only submitted a declaration from the Chief of the Inmate Appeals Branch confirming that plaintiff did not file an appeal regarding defendant Duc's alleged rendering of inadequate medical care at the director's level of review.  However, as the Ninth Circuit explained "[t]his evidence does not demonstrate that the appeals process could have, or did, yield any relief under circumstances similar to those here." Id. at 939.  Accordingly, this court concludes that plaintiff pursued his administrative appeal through the highest level of review available thereby properly exhausting his inadequate medical care claim against defendant Duc prior to filing this action.[6]

As noted above, the defendant bears the burden of raising and proving the affirmative defense of failure to exhaust administrative remedies. Jones, 127 S. Ct. at 921;
/////

---

[6] The court recognizes that Appeal 05-02188 deals primarily with plaintiff's triceps injury and not specifically with plaintiff's subsequent back injury.  Nevertheless, the court finds that Appeal 05-02188 is sufficient to exhaust administrative remedies for both aspects of plaintiff's inadequate medical care claim against defendant Duc.  Based on the record in this case, it appears that plaintiff would not have suffered a back injury but for the fact that he was unable to break his fall because of his triceps injury.  In this regard, plaintiff's claim for inadequate medical care regarding his back injury is part and parcel of his claim of ongoing inadequate medical care with respect to his triceps injury. See, e.g., Gomez v. Winslow, 177 F. Supp. 2d 977, 978-82 (N.D. Cal. 2001) (rejecting argument that plaintiff had failed to exhaust his three distinct claims of inadequate medical care and finding that all three claims were simply aspects of the inadequate medical treatment plaintiff had notified corrections officials about in his administrative appeal).

1 Wyatt, 315 F.3d at 1117-19 & nn.9 & 13.  Defendant Duc has not carried that burden in this
2 instance and therefore, the pending motion to dismiss should be denied.

### CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Duc's June 30, 2008 motion to dismiss (Doc. No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harr2138.57