# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ahdante Harris,** an individual, | CASE NO. S CIV 06-2138 DOC |
| Plaintiff(s), | |
| v. | **O R D E R** DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| **V. Duc,** et al., | |
| Defendant(s). | |

Ahdante Harris ("Plaintiff") is a prisoner incarcerated at the California State Prison in San Luis Obispo County, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. Plaintiff filed this motion to compel Defendant V. Duc's responses to Plaintiff's first set of Interrogatories and Requests for Documents. At the time of the alleged constitutional violation, Plaintiff was incarcerated at California State Prison, Sacramento.

## I. BACKGROUND

Plaintiff is proceeding on a claim against the following defendants: Medical Director V. Duc ("Duc"), M.D.; Medical Administrator ("John Doe"); Chief Medical Officer, John Howard, M.D.; Chief

1  Medical Officer Brett Williams, M.D.; and J. Martinson, R.N ("Martinson") (collectively,

2  "Defendants").  Plaintiff claims that Defendants denied him his rights under the Eighth Amendment to

3  receive adequate medical care and to be free from cruel and unusual punishment.[1]         More

4  specifically, Plaintiff claims that he was denied medical treatment for an injury to his elbow and

5  consequently has suffered additional and irreparable injuries.  His additional injuries include an injury to

6  his back which occurred when Plaintiff fell and could not break his fall due to his injured elbow.

7  Plaintiff also claims he has suffered irreparable injury because had his elbow surgery occurred on

8  schedule, he would have had a full recover.  Plaintiff claims that because his elbow surgery was delayed,

9  he will not fully recover.

## II. LEGAL STANDARD

11  A party may serve a request on another party to produce all relevant and non-privileged

12  documents in the possession, custody or control of the party served.  FED. R. CIV. P. 34(a).  The party

13  receiving the request shall serve a written response within 30 days, either stating that inspection will be

14  permitted or objecting to the request and stating the reasons for the objection.  FED. R. CIV. P. 34(b).

15  The party making the request may seek a court order to compel disclosure when the responding party

16  objects to the requests or otherwise fails to respond to the request or to produce the documents.  *Id*.

## III. DISCUSSION

18  The Court finds that any deficiencies in the Defendant's response to the interrogatories were

19  either properly objected to or cured by supplemental responses.  In the First Interrogatory, Defendant

20  answered that there was no employee with the title of "Medical Administrator" at CSP-Sac and instead

21  provided the person who approved Plaintiff's Physician Requests for Services.  In the Second, Third,

22  and Fifth Interrogatories, Defendant answered the questions either to the best of his ability or in

23  supplemental responses.  Some of this information was even used by the Plaintiff in his Amended

24  Complaint.

---

[1] On December 3, 2007, Plaintiff filed a supplemental complaint, alleging that he has been forced to undergo two additional operations. Plaintiff requests additional compensatory and punitive damages based upon these subsequent surgeries.  This complaint has been screened and permitted to proceed.  Plaintiff also moved for leave to file an amended complaint on December 3, 2008 in which he named two of the three Doe Defendants.  The Court granted this motion.

1      The Court sustains the objections to Interrogatories Four, Six, and Seven as they were overly
2 broad and were not likely to lead to the discovery of admissible evidence.  In Plaintiff's Fourth
3 Interrogatory, he requests:
4           the name, title, and duties of all staff members employed at CSP-SAC
5           between September 1, 2004 and January 31, 2006, other than the CMO,
6           who have the responsibility for maintaining medical consulting, treatment,
7           and service contracts with outside medical personnel and/or facilities
8           pursuant to 15 CCR §3350.2(a), approving and authorizing medical
9           evaluations, treatment, and/or surgeries performed by outside contracted
10          medical personnel and/or facilities, ensure compliance with the *Plata v.*
11          *Davis* decision for scheduling outside medical evaluations, treatment, and
12          surgical procedures preformed by contracted medical specialist and for
13          maintaining institutional quality monitoring, and for having the authority
14          and responsibility to issue medical holds and communicating special
15          medical needs and accommodation requirements to custody management
16          and staff.
17 This interrogatory is entirely too broad and it would be too burdensome on the Defendant to obtain this
18 information.  Therefore, Defendant's objection is sustained.
19      In the Sixth Interrogatory, Plaintiff requests:
20          the name, title, and duties of all staff members employed at CSP-SAC
21          Hospital Clinic on the night of July 16, 2005, other than the RN, who
22          would had the responsibility for reviewing the CSP-SAC Hospital Referral
23          Form of the prisoners returning from a contracted outside medical facility
24          for the patient's diagnosis, the treatment provided at the medical facility,
25          directions for immediate and follow-up treatment, and for the compliance
26          of said outside physician's recommendations.
27 The Defendant provided Plaintiff with a list of names of the nurses on duty the night of July 16, 2005 in
28 its Supplement Response to interrogatories.  Defendant's objection is upheld as Plaintiff's request is

1  overly broad and as Defendant has provided the names of the nurses on duty July 16, 2005 in
2  compliance with the Sixth Interrogatory.
3      In the Seventh Interrogatory, Plaintiff requests:
4          State the name, title, and duties of all staff members employed at
5          CSP-SAC between September 1, 2004 and January 31, 2006 who have the
6          responsibility for ensuring that inmates' request for medical attention are
7          responded to.
8  The Court sustains Defendant objection that this Interrogatory is overly broad.
9      Finally, the Court also sustains the objections to Interrogatories Eight through Thirteen as
10 Plaintiff is thereby seeking information for claims that the Court did not permit him to proceed on in the
11 May 14, 2008 Screening Order.
12     Consequently, Plaintiff's Motion to Compel Discovery is hereby DENIED.

### IV. DISPOSITION

14     In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel
15 Discovery is DENIED.
16     DATED: July 2, 2009

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE
Sitting by Designation