UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ahdante Harris,** an individual, )<br>)<br>     **Plaintiff(s),** )<br>)<br>     v. )<br>)<br>)<br>)<br>**V. Duc,** et al., )<br>)<br>     **Defendant(s).** )<br>_____ ) | CASE NO. S CIV 06-2138 DOC<br><br>**O R D E R GRANTING MOTION TO AMEND COMPLAINT** |

   Before the Court is Plaintiff Andante Harris's Motion to Amend the Complaint (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion.

## I. BACKGROUND

   Andante Harris ("Plaintiff") is a prisoner incarcerated at the California State Prison in San Luis Obispo County, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding pro se. Plaintiff moved to amend his complaint on December 3, 2008. At the time of the alleged constitutional violation, Plaintiff was incarcerated at California State Prison, Sacramento ("CSP-Sac").

   Plaintiff is proceeding on a claim against the following defendants: Medical Director V. Duc, M.D. ("Duc"); Medical Administrator ("John Doe #1"); Chief Medical Officer, John Howard,

M.D.(formerly John Doe #2); Chief Medical Officer Brett Williams, M.D.(formerly John Doe #2); and J. Martinson, R.N ("Martinson") (formerly John Doe #3) (collectively, "Defendants"). Plaintiff claims that Defendants denied him his rights under the Eighth Amendment to receive adequate medical care and to be free from cruel and unusual punishment.

Generally, Plaintiff alleges that he suffered an injury when he fell from his bunk and injured his elbow. Eventually, Plaintiff was slated to have surgery to repair his injury, which was a "complete tear of the triceps tendon . . . with 4.22 cm of gap." Plaintiff was told that with immediate surgery he would completely recover. However, due to contractual problems with the hospital, Plaintiff's surgery was delayed.

Plaintiff later suffered a slip and fall accident. Due to his existing elbow injury, Plaintiff was unable to break his fall. He was taken to the prison clinic where Defendant Duc examined him and issued an emergency order that he be transported to Mercy Hospital of Folsom. Tests indicated that there were no fractures, but there was a "possible acute compression fracture at L2, and degenerative disc disease at L4-5."

Upon Plaintiff's return to CSP-Sac, Defendant Martinson administered Plaintiff's medication but refused Plaintiff's request for a cane or wheelchair escort back to his housing unit. On July 19, 2005, Defendant Duc prescribed the use of a cane for three weeks and a back brace. Both devices were issued the same day. On July 20, 2005, prison staff informed Plaintiff that his prescription had expired and that if he wished to continue the medication he would have to ask the building officer to contact the clinic. Defendant Duc denied the request, and Plaintiff submitted a health care service request.

From August to December of 2005, Plaintiff made several health care service requests, which were either denied or delayed. Plaintiff's surgery was finally approved but was rescheduled for a later date. MRI's were ordered but could not be performed because of Plaintiff's large size.

Plaintiff alleges that from July 19, 2005, through January 9, 2006, he submitted nine administrative grievances regarding his medical care, his slip and fall accident, and the alleged delays and improper responses to his previous administrative grievances. Plaintiff claims that he received responses to his grievances from Duc that contained false statements and that many of his appeals were rejected as untimely. Plaintiff claims that based on these facts, Defendants Duc, John Doe #1, John

Howard, M.D., Brett Williams, M.D., and J. Martinson, R.N. violated his Eighth Amendment right to receive adequate medical care.[1]

Plaintiff did not know the names of the John Doe Defendants named above when he filed his initial complaint. Plaintiff wishes to amend his complaint as was recommended by the March 14, 2008 Screening Order in order to proceed with his claim. In allowing the complaint to go forward, the Court advised the Plaintiff that

> "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Moreover, it is worth noting that it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (*citing Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The court cannot order service of a complaint on defendants not actually named in the complaint. If plaintiff discovers the identity of John Does 1-3, he should seek leave of the court to amend his complaint to name those individuals. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("plaintiff should be given the opportunity through discovery to identify the unknown defendants").

(Order of March 14, 2008, p. 7-8).

## II. LEGAL STANDARD

Although the Court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381(9th Cir. 1997) (per curiam); *Ghazali v.*

---

[1] On December 3, 2007, Plaintiff filed a supplemental complaint, alleging that he has been forced to undergo two additional operations on his elbow, a carpal tunnel surgery and arthroscopic surgery on his shoulder. He alleges that all of these subsequent operations are a result of Defendants' previous failure to provide him timely and adequate medical care. Plaintiff requests additional compensatory and punitive damages based upon these subsequent surgeries. This supplemental complaint has been screened by the Court and permitted to proceed.

1 | *Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).  However, the Courts have a "duty to ensure that pro
2 | se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical
3 | procedural requirements." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *see*
4 | *also Solis v. County of Los Angeles*, 514 F.3d 946, 957 n.12 (9th Cir. 2008) (construing demand for jury
5 | trial in motion for counsel as a continuing demand even though not in separate filing because plaintiff
6 | was pro se); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996); *Garaux v. Pulley*, 739 F.2d 437, 439
7 | (9th Cir. 1984).

## III. DISCUSSION

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants.  It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curium); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999).

Plaintiff has complied with the Court's instructions that he should amend his complaint to include the names of the Doe Defendants.  He has sought leave from this Court to amend his complaint and has included his best information as to the names of two of the Doe Defendants.  Although Plaintiff did not file a superceding complaint to include all of the allegations in the original complaint, the Court will not hold Plaintiff to a standard as stringent as those standards of formal pleadings drafted by lawyers.  The Court did not advise Plaintiff to file a superceding complaint that included all of the facts previously alleged in the initial complaint.  Rather, the Court only advised him to change the names of the Doe Defendants when he learned them.  Therefore, Plaintiff's Motion to Amend the complaint is GRANTED.

## IV. DISPOSITION

Accordingly, it is hereby ORDERED THAT:

1. Plaintiff's Motion to Amend the Complaint is GRANTED.

2. Service of the complaint is appropriate for Defendants V. Duc, M.D., John Howard, M.D.,

1  Brett Williams, M.D., and J. Martinson, R.N.

2      3. The Clerk of the Court shall send plaintiff four (4) additional USM-285 forms, four (4)

3  summonses, an instruction sheet, one (1) copy of the Amended Complaint filed on December 3, 2008.

4      4. Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of

5  Submission of Documents and submit all of the following documents to the court at the same time:

6          a. The completed and signed Notice of Submission of Documents;

7          b. Four (4) completed summonses;

8          c. Four (4) completed USM-285 forms for the defendants listed in number 3 above; and

9          d. Five (5) copies of the complaint filed December 3, 2008.

10      5. Plaintiff shall not attempt to effect service of the complaint on the defendants or request a

11  waiver of service of summons from the defendant. Upon receipt of the above-described documents, the

12  court will direct the United States Marshal to serve the above-named defendants pursuant to Federal

13  Rule of Civil Procedure 4 without payment of costs.

15  IT IS SO ORDERED.

16  DATED: July 17, 2009

                                            _____
                                            DAVID O. CARTER
                                       UNITED STATES DISTRICT JUDGE
                                            Sitting by Designation

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Ahdante A. Harris | ) | 2:06-cv-2138 DOC |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF SUBMISSION OF |
| vs. | ) | DOCUMENTS |
| | ) | |
| V. Duc, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

_____   completed summons form

_____   completed USM-285 forms

_____   copies of the _____
              Complaint/Amended Complaint

DATED:

_____
Plaintiff

1