1
2
3
4
5
6
7
8                    UNITED  STATES  DISTRICT  COURT
9                  FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA
10

| | | |
|---|---|---|
| 11  Ahdante Harris, | ) | CASE NO. SCIV-06-2138 DOC |
| 12            Plaintiff(s), | ) ) | |
| 13       v. | ) ) | **O R D E R** DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND |
| 14  V. Duc, et al., | ) ) | CONSTRUING PAPERS AS NEW MOTION TO COMPEL |
| 15            Defendant(s). | ) ) | DISCOVERY |
| 16 | ) ) | |
| 17 | ) ) | |
| 18 | ) ) | |
| 19  _____ ) | | |

20

    Ahdante Harris ("Plaintiff") is a prisoner incarcerated at the California State Prison in San Luis Obispo County, California. Plaintiff seeks relief pursuant to 42. U.S.C. § 1983 and is proceeding *pro se*. On January 12, 2009, Plaintiff filed a Motion to Compel Defendant V. Duc's ("Defendant") responses to Plaintiff's first set of Interrogatories and Request for Documents. This Court denied Plaintiff's Motion on July 6, 2009, finding that the interrogatories Plaintiff requested were too broad and that it would be too burdensome on Defendant to obtain the information requested by Plaintiff. Plaintiff filed a Motion for Reconsideration of that Order on July 27, 2009. After considering the moving papers, the Court hereby DENIES the Motion.

## I. BACKGROUND

Plaintiff is proceeding on a claim against the following defendants: Medical Director V. Duc ("Duc"); Medical Administrator ("John Doe"); Chief Medical Officer John Howard M.D. ("Howard"); Chief Medical Officer Brett Williams M.D. ("Williams"); and J. Martinson R.N ("Martinson") (collectively, "Defendants"). Plaintiff claims that Defendants denied him his rights under the Eighth Amendment to receive adequate medical care and to be free from cruel and unusual punishment. More specifically, Plaintiff claims that he was denied medical treatment for an injury to his elbow and consequently has suffered additional and irreparable injuries. His additional injuries include an injury to his back which occurred when Plaintiff fell and could not break his fall due to his injured elbow. Plaintiff also claims that he has suffered irreparable injury because had his elbow surgery occurred on schedule, he would have had a full recovery. Plaintiff claims that because his elbow surgery was delayed, he will not fully recover.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 78-230(k) states, "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate Judge the prior motion was made, (2) what ruling, decision or order was made thereon, (3) what new or different facts or circumstances are claimed to exist or were not

shown upon such prior motion, or what other grounds exist for the motion, and (4) why the facts or circumstances were not shown at the time of the prior motion." Local R. 78-230(k).

### III. DISCUSSION

Plaintiff fails to address any of the grounds required for bringing a Motion for Reconsideration. Plaintiff does not explain what his issue is with this Court's previous Order. Rather, Plaintiff aims to remedy the deficiencies in his previous Motion that were identified by the Court. Because Plaintiff does not bring forth any grounds on which the Court should reconsider Plaintiff's previous Motion, Plaintiff's Motion for Reconsideration is DENIED. However, rather than have Plaintiff resubmit a Motion to Compel Discovery and attach the more narrow interrogatories that he included with his Motion for Reconsideration, this Court finds that the more equitable course is to consider this current Motion as an amendment of Plaintiff's previous Motion to Compel Discovery. In this current Motion for Reconsideration, Plaintiff attempts to remedy the deficiencies of his previous Motion to Compel by including more specific interrogatories per the Court's instruction. The Court will consider this current Motion as an amended Motion to Compel Discovery, and will give Defendants until August 17, 2009, to file an Opposition to this Motion.

### IV. DISPOSITION

For the foregoing reasons, this Court DENIES Plaintiff's Motion for Reconsideration. The Motion will instead be construed as an Amended Motion to Compel Discovery. As such, Defendants have until August 17, 2009, to file an Opposition.

IT IS SO ORDERED.

DATED: July 31, 2009

_____
DAVID O. CARTER
United States District Judge