# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ahdante Harris, an individual,** | **CASE NO. S CIV 06-2138 DOC (PC)** |
| Plaintiff(s), | |
| v. | **O R D E R DENYING PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY** |
| **V. Duc, et al.,** | |
| Defendant(s). | |

Ahdante Harris ("Plaintiff") is a prisoner incarcerated at the California State Prison in San Luis Obispo County, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. Plaintiff filed this motion to compel Defendant V. Duc's responses to Plaintiff's Amended Interrogatories. At the time of the alleged constitutional violation, Plaintiff was incarcerated at California State Prison, Sacramento.

## I. BACKGROUND

Plaintiff is proceeding on a claim against the following defendants: Medical Director V. Duc ("Duc"), M.D.; Medical Administrator ("John Doe"); Chief Medical Officer, John Howard, M.D.; Chief

Medical Officer Brett Williams, M.D.; and J. Martinson, R.N ("Martinson") (collectively, "Defendants"). Plaintiff claims that Defendants denied him his rights under the Eighth Amendment to receive adequate medical care and to be free from cruel and unusual punishment.[1]

Generally, Plaintiff alleges that he suffered an injury when he fell from his bunk bed and injured his elbow. Plaintiff was schedule to have surgery to repair his injury, which was a "complete tear of the triceps tendon . . . with 4.22 cm of gap." Plaintiff was told that with immediate surgery he would completely recover. However, due to contractual problems with the hospital, Plaintiff's surgery was delayed.

Plaintiff later suffered a slip and fall accident. Due to his existing elbow injury, Plaintiff was unable to break his fall. He was taken to the prison clinic where Defendant Duc examined him and issued an emergency order that he be transported to Mercy Hospital of Folsom. Tests indicated there were no fractures, but there was a "possible acute compression fracture at L2, and defenerative disc disease at L4-5."

Upon Plaintiff's return to CSP-Sac, Defendant Martinson administered Plaintiff's medication but refused Plaintiff's request for a cane or wheelchair escort back to his housing unit. On July 19, 2005, Defendant Duc prescribed the use of a cane for three weeks and a back brace. Both devices were issued the same day. On July 20, 2005, prison staff informed Plaintiff that his prescription had expired and that if he wished to continue the medication he would have to ask the building officer to contract the clinic. Defendant Duc denied the request, and Plaintiff submitted a health care service request.

From August to December of 2005, Plaintiff made several health care service requests, which were either denied or delayed. Plaintiff's surgery was finally approved but was rescheduled for a later date. MRI's were ordered but could not be performed because of Plaintiff's large size.

---

[1] On December 3, 2007, Plaintiff filed a supplemental complaint, alleging that he has been forced to undergo two additional operations. Plaintiff requests additional compensatory and punitive damages based upon these subsequent surgeries. This complaint has been screened and permitted to proceed. Plaintiff also moved for leave to file an amended complaint on December 3, 2008 in which he named two of the three Doe Defendants. The Court granted this motion.

On February 8, 2010, the Court again granted Plaintiff leave to amend his complaint Plaintiff's in order to include new factual allegations regarding the medical treatment he received by physicians employed by the California Department of Corrections and Rehabilitation.

Plaintiff alleges that from July 19, 2005, through January 9, 2006, he submitted nine administrative grievances regarding his medical care, his slip and fall accident, and the alleged delays and improper responses to his previous administrative grievances. Plaintiff claims that he received responses to his grievances from Duc that contained false statements and that many of his appeals were rejected as untimely. Plaintiff claims that based on these facts, Defendants Duc, John Doe #1, John Howard, M.D., Brett Williams, M.D., and J. Martinson, R.N. violated his Eighth Amendment right to receive adequate medical care.

Plaintiff originally moved to compel Defendant V. Duc's responses to Plaintiff's first set of Interrogatories and Requests for Documents, which the Court denied on July 6, 2009. The Court ruled, *inter alia*, that the Fourth, Sixth, and Seventh Interrogatories were overly broad and it would be too burdensome for Defendant to comply with the requests. Order Denying Plaintiffs' Motion to Compel Discovery, at 3-4. Plaintiff then brought a Motion to Reconsider that order, which the Court denied but construed as a permissible Amended Motion to Compel because, in essence, Plaintiff had submitted revised interrogatories purportedly remedying the issue of overbroadness that he requested the Court consider. *See* Order Denying Plaintiff's Motion for Reconsideration and Construing Papers as New Motion to Compel Discovery. The Court gave Defendant an opportunity to file an opposition; Defendant filed an opposition; and the Court now rules on the Amended Motion.

## II. LEGAL STANDARD

A party may serve a request on another party to produce all relevant and non-privileged documents in the possession, custody or control of the party served. FED. R. CIV. P. 34(a). The party receiving the request shall serve a written response within 30 days, either stating that inspection will be permitted or objecting to the request and stating the reasons for the objection. FED. R. CIV. P. 34(b). The party making the request may seek a court order to compel disclosure when the responding party objects to the requests or otherwise fails to respond to the request or to produce the documents. *Id*.

## III. DISCUSSION

While the Court previously denied the Motion to Compel as to Interrogatories Four, Six, and Seven, Plaintiff has amended these interrogatories and again requests that the Court compel Defendant's response. Defendant again objects to responding.

In Plaintiff's Amended Fourth Interrogatory, he requests:

> At all times pertinent, give name(s) of staff responsible for approving outside medical evaluations and treatments done on plaintiff. All times pertinent referring specifically times plaintiff was involved [sic].

Defendant objects to this interrogatory as now amended as duplicative of Interrogatory Nos. 1, 2, and 3. Defendant's objection is sustained.

In the Amended Sixth Interrogatory, Plaintiff requests:

> On the night of July 16, 2005, when plaintiff returned from a contracted outside facility, please give name and official title of the Doctor who reviewed the referral and report of the outside medical professional regarding plaintiff's diagnosis and treatment at that facility.

Defendant objects to this interrogatory on the basis that it is a different question than originally asked; the question is inconsistent with Plaintiff's complaint which alleges that a nurse, not a doctor, was the person whom saw Harris when he returned to prison that night and is therefore not reasonably calculated to lead to the discovery of admissible evidence; and that Defendant has already provided Plaintiff with a list of names of the nurses on duty the night of July 16, 2005.

Defendant has already identified the nurse who treated him the night of July 16, 2005. *See* Amended Complaint, Dec. 3, 2008, at ¶ 19 (identifying John Doe #3 as J. Martson). Regarding the night of July 16, 2005, the only allegations in Plaintiff's Complaints regarding events within the prison that day pertain to that nurse. Therefore, the Court agrees with Defendant that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant's objection is sustained.

In the Amended Seventh Interrogatory, Plaintiff requests:

> Specifically between September 1, 2004 and January 31, 2006, plaintiff claims to have made several requests for medical attention. Please give name and official title of staff responsible at CSP-SAC responsible for seeing that all legitimate medical attention requests responded to.

The amendment to the Seventh Interrogatory has not cured the defects in the interrogatory. The Court

4

sustains Defendant's objection on the grounds that the request is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Consequently, Plaintiff's Motion to Compel Discovery is hereby DENIED.

## IV. DISPOSITION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery is DENIED.

Date: March 8, 2010

*David O. Carter*
_____
UNITED STATES DISTRICT JUDGE
Sitting by Designation