UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

Case No. EDCV 06-02138 DOC (PCx)             Date: May 2, 2011

Title: ANDANTE HARRIS v. V. DUC, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS):     ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

       Before the Court is a Motion for Judgment on the Pleadings filed by Defendant V. Duc, M.D., ("Defendant Duc") in the above-captioned case ("Motion for Judgement on the Pleadings") (Docket 58). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving papers, the Court GRANTS Defendant's Motion for Judgement on the Pleadings.

**I.    BACKGROUND**

       Plaintiff's First Amended Complaint ("FAC") is sparse on factual details. Therefore the Court draws backgrounds facts from the first complaint Plaintiff filed in this case ("Initial Complaint") (Docket 1). According to the Initial Complaint, Plaintiff Andante Harris ("Plaintiff") is a state prisoner. Initial Complaint ¶ 4. On or about September 15, 2004, Plaintiff fell from the upper bunk in his cell onto the floor – injuring his elbow in the process. *Id*. at ¶ 23. That same day, Plaintiff was examined by Defendant Duc, who referred him for x-ray examination. *Id*. After no sign of visible damage to the elbow was found on the x-rays, Defendant Duc allegedly submitted a request to perform an MRI examination on the elbow. *Id*. at ¶ 26. On March 18, 2005, Plaintiff allegedly had an MRI examination on his elbow, from which it was determined that Plaintiff had suffered a complete tear of the triceps tendon. *Id*. at ¶ 27.

On July 16, 2005, the Plaintiff allegedly suffered a slip and fall accident in his housing unit due to flooding caused by a defective drain in the showers. *Id*. at ¶ 32. Plaintiff avers that he was subsequently treated by Defendant Duc and sent to Mercy Hospital for examination where it was determined that Plaintiff had suffered a possible acute compression fracture. *Id*. at ¶ 33.

In the Initial Complaint, Plaintiff alleges two causes of action against Defendant Duc. Plaintiff's first claim is that Defendant Duc violated his Eighth Amendment right to reasonably adequate medical care (1) by failing to follow medical recommendations allowing Plaintiff to undergo reconstructive surgery to repair his elbow; (2) by failing to allow Plaintiff to receive Vicodine for his back as prescribed by another doctor; and (3) by failing to conduct various medical examinations that were recommended by other doctors. *Id*. at ¶ 109. Plaintiff's second claim is that Defendant Duc violated his Fourteenth Amendment right to due process by falsely and fraudulently misrepresenting various First Level Responses, which allegedly caused Plaintiff to receive inadequate medical care. *Id*. at ¶ 115.

Plaintiff filed his Initial Complaint on September 27, 2006. On December 3, 2008, Plaintiff filed his FAC. The FAC did not re-allege most of the facts contained in the Initial Complaint. Rather, the FAC contains a series of paragraphs – numbered 6, 7, 19, 26, 35, 110, 111, 112, respectively – that appear to be intended for insertion into the Initial Complaint, as well as a section entitled "Prayer for Relief." Plaintiff appears to believe that the FAC and the Initial Complaint may be read together as a single, unified complaint.

Defendant Duc filed the instant Motion for Judgment on the Pleadings on February 25, 2011.

## II.   LEGAL STANDARD

### A.   Motion for Judgment on the Pleadings

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* (citing *Doleman*, 727 F.2d at 1482); *accord Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense,

which, if proved, would defeat plaintiff's recovery.  *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

### III.  DISCUSSION

Defendant Duc moves for judgment on the pleadings on the grounds that the FAC does not plead sufficient facts to support a plausible claim for relief.  Indeed, in the FAC, the full extent of Plaintiffs' allegations with respect to Defendant Duc are limited to contentions that Defendant Duc x-rayed Plaintiff and submitted a request to perform an MRI examination of his elbow.  FAC ¶ 26.  Nowhere in the FAC does Plaintiff allege how this x-ray and MRI examination request in any way violated his constitutional rights.

Many supplemental factual allegations appear in the Initial Complaint.  Contrary to Plaintiff's apparent belief, however, the Court cannot read the Initial Complaint and the FAC in conjunction as a single, unified complaint.  Rather, "an amended complaint supercedes the original [complaint], the latter being treated thereafter as non-existent."  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citations and quotations omitted).  This rule applies to pro se prisoner actions.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In light of this rule, Defendant Duc's Motion for Judgment on the Pleadings must be granted.  Plaintiff should consolidate the allegations in the FAC with the allegations in his Initial Complaint in any future amended complaint.

Accordingly, the Defendant Duc's Motion for Judgment on the Pleadings is GRANTED.  Plaintiff's claims against Defendant Duc are DISMISSED WITH LEAVE TO AMEND.

### IV.  DISPOSITION

For the reasons stated above, the Court GRANTS Defendant Duc's Motion for Judgment on the Pleadings.  Plaintiff's claims against Defendant Duc are DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file any amended complaint by **August 8, 2011.**

The Clerk shall serve this minute order on all parties to the action.